UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-72-R

K & B CAPITAL, LLC, et al.,                                                       PLAINTIFFS

v.

ROBERT OGDEN, et al.,                                                           DEFENDANTS

**OPINION AND ORDER**

Defendants have moved this Court to refer this case to the United States Bankruptcy Court for the Western District of Kentucky (Dkt. # 5). Plaintiffs responded (Dkt. # 7), Defendants replied (Dkt. # 10) and this matter is now ripe for decision. For the reasons given below, Defendants' motion to refer is **GRANTED**.

Defendants seek referral based upon the provisions of 28 U.S.C. § 157, which sets forth procedures by which district courts may refer cases to the bankruptcy judges for their districts. 28 U.S.C. § 157(a) states that district courts "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred..." Local Rule 83.12(a) implements this provision in the Western District of Kentucky by referring to the bankruptcy judges, *inter alia*, "[a]ll matters arising under – or arising in or related to cases arising under – Title 11 of the United States Code filed on or after July 10, 1984, except proceedings involving tort claims for personal injury or wrongful death..." LR 83.12(a)(3). 28 U.S.C. § 157 (b)(1) grants to bankruptcy judges the authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, referred under subsection (a) of this section..." Subsection (b)(2) provides a non-exclusive list of "core

1

proceedings," which includes "...other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O).

It is here that the parties' dispute arises. Defendants argue that the claims in the case at bar are "related to" a bankruptcy proceeding within the meaning of the statute and therefore should be referred to the Bankruptcy Court. Plaintiffs, on the other hand, argue that the claims bear no significant relationship to the bankruptcy proceedings in that their resolution does not rely on interpretation of bankruptcy law and any recovery will not affect the bankruptcy estates of the parties in question.

The issue of whether the proceedings in this case are properly before a bankruptcy judge or this Court, however, is not appropriately determined by this Court as an initial matter. 28 U.S.C. § 157(b)(3) provides that

> [t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

Therefore, the Court will refer the matter to the Bankruptcy Court for determination of whether the case at bar constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157(b). Defendants' Motion to Refer to Bankruptcy Court is therefore **GRANTED**.

**IT IS SO ORDERED.**

2